**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHERIFF JOHN LEE,

     Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee,

_____

HANDGUN CONTROL, INC.;
CENTER TO PREVENT HANDGUN
VIOLENCE; INTERNATIONAL
ASSOCIATION OF CHIEFS OF
POLICE; MAJOR CITIES CHIEFS;
NATIONAL ORGANIZATION OF
BLACK LAW ENFORCEMENT
EXECUTIVES; FRATERNAL
ORDER OF POLICE; NATIONAL
ASSOCIATION OF POLICE
ORGANIZATIONS; NATIONAL
TROOPERS' COALITION; POLICE
EXECUTIVE RESEARCH FORUM;
FEDERAL LAW ENFORCEMENT
OFFICERS' ASSOCIATION,

     Amici Curiae.

No. 95-2269
(D.C. No. CIV-94-1132-LH)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, the sheriff of Otero County, New Mexico, and a "chief law enforcement officer" (CLEO), sought injunctive and declaratory relief against interim provisions of the Brady Handgun Control Act, 18 U.S.C. § 922(s), asserting the Act's requirement that CLEOs perform background checks on prospective handgun purchasers violates the Constitution's Tenth Amendment, Commerce Clause, and Fifth Amendment. The district court held that the Brady Act's regulation of the sale of handguns did not violate the Commerce Clause, and its requirement that state and local CLEOs perform background checks was not an unconstitutional coercion of power under the Tenth Amendment. The

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court also ruled that plaintiff's Fifth Amendment challenge that the statute was unconstitutionally vague was not ripe for review.

The Supreme Court recently held, in Printz v. United States, Nos. 95-1478 and 95-1503, 1997 WL 351180 (U.S. June 27, 1997), that the Brady Act's provision requiring CLEOs to conduct background checks was unconstitutional. It explained that, under the Tenth Amendment, "'[t]he Federal Government may not compel the States to enact or administer a federal regulatory program' [and the Brady Act's] mandatory obligation imposed on CLEOs to perform background checks on prospective handgun purchasers plainly runs afoul of that rule." Id. at *17 (quoting New York v. United States, 505 U.S. 144, 188 (1992)).  Further, it held that the Brady Act's direction of the actions of state officials is not constitutionally valid under the Commerce Clause as a law "necessary and proper" to the execution of Congress's Commerce Clause power because it violates the state sovereignty principle, and therefore is not a law proper for carrying into execution.  Id. at *12.

Accordingly, the judgment of the United States District Court for the District of New Mexico is REVERSED, and the case is REMANDED to the district court for further consideration in light of Printz.


Entered for the Court


Stephen H. Anderson
Circuit Judge

-4-